Dear Representatives Ross,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Under the terms of the Oklahoma Open Records Act, andspecifically 51 O.S. 24A.5(3) (1987), is a public body everpermitted to charge a search fee for documentary requests fromnews media, if such requests are related to journalisticinquiries into the manner that the public body, or its officersand employees, are performing their lawful duties?
¶ 1 The Oklahoma Open Records Act, 51 O.S. 24A.l through 51O.S. 24A.18 (1987), was initially adopted by the Legislature in 1985 with the express public policy underlying its commands that "the people are vested with the inherent right to know and be fully informed about their government." 51 O.S. 24A.2 (1987). Further, the purpose of the Act is statutorily stated to be "to ensure and facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power." Id.
¶ 2 The term "public body" as used in the Act is defined:
 "Public body" shall include, but not be limited to, any office, department, board, bureau, commission, agency, trusteeship, authority, council, committee, trust, county, city, village, town, township, district, school district, fair board, court, executive office, advisory group, task force, study group, or any subdivision thereof, supported in whole or in part by public funds or entrusted with the expenditure of public funds or administering or operating public property, and all committees, or subcommittees thereof. Except for the records required by 51 O.S. 24A.4 of this title, "public body" does not mean judges, justices, the State Legislature, or State Legislators[.]
51 O.S. 24A.3(2) (1987).
¶ 3 It is clear from this definition that the Act is intended to be quite broad in its coverage in the State. Similarly, the intent of the Act requires that questions of doubt as to the accessibility of government records be resolved in favor of access. Tulsa Tribune Company v. Oklahoma Horse RacingCommission, 735 P.2d 548, 555 (Okla. 1987).
¶ 4 Turning specifically to your question, the Act generally contemplates that public bodies subject to its terms may charge reasonable copying fees for providing copies of government documents, and, in certain circumstances, may also assess special "search fees" for documentary search requests that are of a private commercial nature, or which would excessively disrupt the essential business operations of the agency. 51 O.S. 24A.5
states, in this regard:
 All records of public bodies and public officials shall be open to any person for inspection, copying, and/or mechanical reproduction during regular business hours; provided:
* * * * *
 3. Any request for a record which contains individual records of persons and the cost of copying, reproducing or certifying such individual record which is otherwise prescribed by state law, the cost may be assessed for each individual record, or portion thereof requested as prescribed by state law. Otherwise, a public body may charge a fee only for recovery of the reasonable, direct costs of document copying, and/or mechanical reproduction. . . . However, if the request is:
a. solely for commercial purpose; or
 b. clearly would cause excessive disruption of the public body's essential functions;
 then the public body may charge a reasonable fee to recover the direct cost of document search.
 Any public body establishing fees under this act shall post a written schedule of said fees at its principal office and with the county clerk.
 In no case shall a search fee be charged when the release of said documents is in the public interest, including, but not limited to, release to the news media, scholars, authors and taxpayers seeking to determine whether those entrusted with the affairs of the government are honestly, faithfully, and competently performing their duties as public servants.
 Said fees shall not be used for the purpose of discouraging requests for information or as obstacles to disclosure of requested information.
¶ 5 Assuming that a member of the news media is seeking information that is not exempted from automatic disclosure, that he is willing to pay any properly adopted and posted copying fees, and that the information is being sought in the public interest, such as attempting to determine whether those entrusted with the affairs of government are "honestly, faithfully, and competently performing their duties as public servants," there is no situation under which a member of the news media may be lawfully charged a search fee by a public body. 51 O.S.24A.5(3), above, is quite clear on that point when it decrees "in no case" may such search fees be assessed in such circumstances. Where the Legislature has clearly evidenced its intent, there is no need for resort to any rules of statutory construction. Cavett v. Geary Bd. of Education, 587 P.2d 991
(Okla. 1978).
¶ 6 It is, therefore, the official opinion of the AttorneyGeneral that under the terms of the Oklahoma Open Records Act,and specifically 51 O.S. 24A.5(3) (1987), a public bodysubject to the Act's requirements may not charge a special"search fee" to any member of the news media who is seekinginformation in the public interest, such as attempts by suchpersons to determine whether those entrusted with the affairs ofthe government are honestly, faithfully, and competentlyperforming their duties as public servants.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, GENERAL COUNSEL DIVISION