The CITY OF LAWTON, a municipal corporation, Petitioner,

v.

The Honorable Peter Clinton MOORE, District Judge of the Fifth Judicial District, Comanche County, Oklahoma, and Ron Kirby McConnell, also known as Ron Kirby, Respondents.

No. 82092.

Supreme Court of Oklahoma.

Dec. 21, 1993.

Felix A.D. Cruz, City Atty. and John H. Vincent, Sr. Asst. City Atty., Lawton, for petitioner.

Stanley M. Ward, Norman, for respondents.

Michael Minnis and David McCullough, Oklahoma City, for amicus curiae, Oklahoma Press Ass'n.

Diane Pedicord and Sue Ann Nicely, Oklahoma City, for amicus curiae, Oklahoma Mun. League, Inc.

WATT, Justice.

The City of Lawton asks us to assume original jurisdiction and issue a writ prohibiting Respondent, the Honorable Peter Clinton Moore, a District Judge in Comanche County, from proceeding further in a lawsuit that Ron Kirby filed against it.

## FACTS

In 1992, Kirby was engaged in a hotly contested runoff election for the Democratic party nomination for a seat in the Oklahoma Legislature.[1] Kirby's opponent in the runoff election was Minnette Page, a Lawton City Council member. Page demanded of Lawton, and was given, Lawton Municipal Court records reflecting Kirby's arrests for driving under the influence of alcohol in 1981, 1982 and 1991. Kirby plead guilty to the 1991 incident, but his guilty plea was later expunged from the record by order of their Municipal Court under 22 O.S.1991 § 991c.[2] Page demanded, and Lawton furnished, Kirby's arrest records under the Open Records Act, 51 O.S.Supp.1992 §§ 24A.1, et seq. Lawton did not give Page a copy of Kirby's 1991 guilty plea that had been expunged from the record.

Following his election to the legislature, Kirby filed a claim for $100,000.00 against Lawton under the Governmental Tort Claims Act, 51 O.S.Supp.1992 §§ 151, et seq. Lawton denied Kirby's claim and Kirby brought suit under the Act. Kirby claimed that Lawton was liable to him in tort because Lawton did not satisfy the requirements set forth in *Tulsa Tribune Co. v. Oklahoma Horse Racing Commission,* 735 P.2d 548 (Okla.1987). In *Tulsa Tribune,* we interpreted the Open Records Act, as then cast, to require custodians of public records to give notice and the opportunity to be heard to any person whose interests would be affected by disclosure of public records. We said:

> In order that an individual whose interests are affected by a request for disclosure under the Open Records Act might effectively act to protect those interests it is necessary that such individual have notice of the request....

*Id.,* at 555.

Lawton moved to dismiss Kirby's suit on the ground that the 1988 amendments to the Open Records Act relieved public bodies of the obligation to follow any procedures for allowing access to public records not expressly required by statute, and that no statute requires notice and hearing as specified in *Tulsa Tribune.* Respondent Judge denied Lawton's motion to dismiss. Lawton then filed its application requesting that we assume original jurisdiction and a petition asking that we prohibit Respondent Judge from proceeding further because the judge's refusal to dismiss the case was an abuse of judicial power.

## DISCUSSION

At the next legislative session after our opinion in *Tulsa Tribune,* Id., the legislature added to the language of § 24A.2 of the Open Records Act. After an expression of public policy that the people are entitled "to know and be fully informed about their government," the legislature added the following language to § 24A.2:

> The Oklahoma Open Records Act shall not create, directly or indirectly, any rights of privacy or any remedies for violation of any rights of privacy; nor shall the Oklahoma Open Records Act, except as specifically set forth in the Oklahoma Open Records Act, establish any procedures for protecting any person from release of information contained in public records.... The privacy interests of individuals are adequately protected in the specific exceptions to the Oklahoma Open Records Act or in the statutes which authorize, create

---

1. Kirby won both the runoff and general elections and is now a member of the Oklahoma Legislature.

2. Kirby had been given a deferred sentence and the municipal judge expunged Kirby's guilty plea following his satisfactory completion of probation.

or require the records. Except where specific state or federal statutes create a confidential privilege, persons who submit information to public bodies have no right to keep this information from public access nor reasonable expectation that this information will be kept from public access; provided the person, agency or political subdivision shall at all times bear the burden of establishing such records are protected by such a confidential privilege. Except as may be required by other statutes, public bodies do not need to follow any procedures for providing access to public records except those specifically required by the Oklahoma Open Records Act.

These amendments to the Oklahoma Open Records Act show beyond credible argument to the contrary that the legislature disagreed with our interpretation, in *Tulsa Tribune,* of the Act. The legislature expressly said that the public policy of the state is "to ensure and facilitate the public's right of access to and review of government records *so they may efficiently and intelligently exercise their inherent political power.*" [Emphasis added.] Id. Given this strong public policy it is not surprising that the Act, as amended, grants no right to notice and hearing, or any other procedural protection, with respect to records covered by the Act's terms. Further, the Act relieves public bodies of any obligation to provide any procedural protection not "specifically required" by the Act, or another statute. These provisions ensure that the public will have "prompt and reasonable access" to governmental records. 51 O.S.Supp.1992 § 24A.5.

We hold that Respondent Judge abused judicial power in failing to grant Lawton's motion to dismiss. Consequently, we assume original jurisdiction and prohibit the judge to whom this matter is assigned from proceeding to trial in Kirby's suit against Lawton.[3] The balance of our discussion will address the six propositions raised in the brief Kirby filed in response to Lawton's submissions.

## I.

### *Prohibition is an Appropriate Remedy Here*
### (Kirby's Proposition One)

Kirby observes, correctly, that a writ of prohibition will issue only upon a showing of manifest necessity, and not in doubtful cases. We disagree, however, with Kirby's conclusion that Lawton has not made a showing of necessity sufficient to require us to issue a writ of prohibition. In *Constant v. Biggers,* 550 P.2d 1337, 1339 (Okla.1976) we issued a writ of prohibition against a trial judge for applying unauthorized judicial force. There, we said, "Writ will not be withheld ... because other concurrent remedies exist where it does not appear such remedies are equally adequate and convenient." This is such a case. Although Lawton would have the right to appeal from an adverse judgment, it would nevertheless first be required to defend a suit asserted by a party to whom Lawton clearly owed no duty.

## II.

### *Lawton had no Obligation to Give Notice to Kirby Under either Tulsa Tribune or the Act*

(Kirby's Propositions Two, Four and Five)

Kirby argues that *Tulsa Tribune* must be observed, but does not explain how this can be so. *Tulsa Tribune* is inapposite here. In *Tulsa Tribune,* the plaintiff argued that *private,* not *public* records were involved and that valuable confidential information would be disclosed if the records were produced. Here, the involved records are indisputably *public,* not *private.* In addition, as a result of the 1988 amendments to the Act, in *Tulsa Tribune* we construed an act that was considerably different from the Act we construe today. The Act as presently cast expressly states that only the procedures delineated in the Act must be observed before turning over records. The Act does not require notice and hearing as a prerequisite to releasing records. Thus, Kirby had

---

**3.** Respondent Judge, the Honorable Peter Clinton Moore, died during the pendency of this original action. Consequently our writ is directed to the judge who will be assigned to handle the matter.

no right to notice and hearing before Lawton released the public records of his arrests.

## III.

*The Municipal Court's Order Expunging Kirby's 1991 Guilty Plea Did Not Estop Lawton From Furnishing Page a Copy of the 1991 Arrest Records*

(Kirby's Proposition Three)

■ Kirby argues that Lawton should be estopped to claim it had the right to give Page Kirby's 1991 *arrest* record because the municipal judge had expunged Kirby's *guilty plea.* We reject this contention. The statute allowing expunging of a deferred sentence, as the municipal judge did, is 22 O.S.1991 § 991c. The Court of Criminal Appeals interpreted § 991c as not authorizing expungement of *arrest* records in *State ex rel. Hicks v. Freeman,* 795 P.2d 110, 113 (Okla.Cr.1990). In *Hicks,* the court said, "we find that the legislature did not intend for § 991c to serve as authority for expunction of arrest records."

The municipal judge acted consistently with the requirements of § 991c and expunged only the record of Kirby's guilty plea. The municipal judge did not purport to expunge the 1991 arrest record. The language of the municipal judge's order reflects that the order did nothing more than expunge the guilty plea. The municipal judge's order said that *"the guilty plea previously entered by the defendant is expunged and the case is dismissed with prejudice."* [Emphasis added.] Lawton furnished only the 1991 arrest record to Page, not the record of the guilty plea, which the municipal judge had expunged.

Kirby relies on *Burdick v. Independent School District,* 702 P.2d 48, 53 (Okla.1985) to support his claim that Lawton should be estopped to assert that the 1991 arrest record was not expunged. *Burdick,* however is inapplicable to this case. We held in *Burdick* that a school district, which had allowed a child to attend school in its district, would be estopped to later refuse the student admission on the ground that he was not a resident of the district. Here, by contrast, neither Lawton nor its municipal judge ever purported to expunge the 1991 arrest records.

Lawton had no obligation under the Open Records Act to give Kirby notice and a hearing before Lawton could release records of his arrests. Lawton properly released the records of Kirby's arrests to Page. Accordingly, Respondent Judge is prohibited from proceeding further toward trial with this matter, and is instructed to grant Lawton's motion to dismiss.

ORIGINAL JURISDICTION ASSUMED; WRIT OF PROHIBITION GRANTED WITH INSTRUCTIONS.

HODGES, C.J., and SIMMS, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.

OPALA, Justice, with whom LAVENDER, V.C.J., and HARGRAVE, J., concurring in result.

I would prohibit the Respondent from proceeding further in this cause because the City of Lawton stands immune from civil liability. See 51 O.S.1991 § 24A17C.