124 N.M. 324

1997 OK 149

The STATE of Oklahoma, ex rel. The
OKLAHOMA DEPARTMENT
OF MINES, Petitioner,

v.

The Honorable Niles JACKSON, Judge of
the District Court of Oklahoma County,
State of Oklahoma, 7th Judicial District,
et al., Respondents.

The STATE of Oklahoma, ex rel. The
OKLAHOMA DEPARTMENT
OF MINES, Petitioner,

v.

The Honorable John M. AMICK, Judge of
the District Court of Oklahoma County,
State of Oklahoma, 7th Judicial District,
et al., Respondents.

Nos. 90069, 90112.

Supreme Court of Oklahoma.

Dec. 9, 1997.

Mark Secrest, Chief Counsel, Caroleen Carman, Asst. Counsel Oklahoma Department of Mines, for Petitioner.

G. Patrick Garrett, Oklahoma City, for the Real Parties in Interest.

OPALA, Justice.

¶1 The issue, dispositive of both original proceedings, is whether the district court may proceed to determine a surety's liability on a reclamation bond in a declaratory judgment action brought by that surety *while its administrative appeal from an order of forfeiture remains pending.* We hold that (a) although the district court has authority to adjudicate matters arising from a performance bond *forfeited by order of a state agency,* the forfeiture issue lies exclusively within the agency's cognizance, and (b) the district court should not proceed further in the actions for declaratory relief until the forfeiture-related issues have been finally determined.

## I.

## ANATOMY OF CONTROVERSY

¶2 The Oklahoma Department of Mines (ODM or Department) issued permits to K & R Coal Company for two mining operations

in Haskell County. The company had fulfilled the statutory requirement of securing performance bonds before the surface coal mining and reclamation permits were issued. See 45 O.S.1991 § 745.6(A).[1] One of the bonds posted in the amount of $290,000.00 was by U.S. Capital Insurance Company. The second mining operation required the company to revise its permit and secure additional bonds totaling $606,000.00. The surety for this operation is Clarendon National Insurance Company. Van–American Insurance Company is its alleged agent. The term "sureties" refers to one or more of the three entities.

¶3 ODM determined in 1994 that the mining company had failed to reclaim the land. Pursuant to the Oklahoma Administrative Code, ODM issued notices of bond forfeiture. The company and the sureties were also informed of their right to a hearing. They availed themselves of this administrative remedy, in which they pressed for exoneration. The sureties brought motions to quash, alleging that the mining company to which permits were issued has ceased to exist and that a successor entity, Sunset Sales, Inc., had sought reorganization under the Bankruptcy Code. ODM was alleged to have failed to assert a claim in the bankruptcy proceeding against the mining company's successor. These and other alleged ODM acts and omissions were said to support the sureties' general position that the bonds should not be declared forfeited.

¶4 The motions to quash were presumably denied. ODM and each of the sureties in a combined proceeding before the same hearing examiner moved for decision by summary process, arguing the absence of disputed issues of fact. The hearing examiner granted ODM's motion, finding that its forfeiture determinations were proper. ODM's director then issued a single final agency order, adopting the hearing examiner's report and upholding the bond forfeitures.

¶5 Both of the affected sureties separately appealed to the district court. *Their administrative appeals are pending.*[2] Within their appeals the sureties also sought declaratory and injunctive relief. On ODM's motions the latter claims for relief were dismissed. Each surety subsequently brought its own declaratory judgment action in the district court for judicial determination of the "respective rights and duties of the parties," declarations that the bonds are "void," and, ultimately, exoneration of liability. The pleadings include requests for injunctive relief that would prevent ODM from initiating steps to collect on the bonds.[3]

¶6 ODM sought dismissal of the declaratory judgment actions for *"lack of jurisdiction,"* but the respondent/judges denied the motions. The instant original proceedings brought by ODM seek prohibition.

---

1. The pertinent terms of § 745.6(A) are:
   A. After a surface coal mining and reclamation permit application has been approved, but before such a permit is issued, the applicant shall file with the Department ... a bond for performance payable to the state, and conditional upon faithful performance of all the requirements of law and permit. Such bond shall be signed by the operator as principal, and by a good and sufficient corporate surety licensed to do business in the state. The bond shall cover that area of land within the permit area upon which the operator will initiate and conduct surface coal mining and reclamation operations within the initial term of the permit. * * *

2. The appeals are before the District Court, Oklahoma County, in Causes No. CJ–97–720–69 and CJ–97–721–69.

3. Two months after commencement of the sureties' declaratory judgment actions, ODM brought separate actions against the sureties, seeking judgments on the forfeited bonds. ODM's pleadings state that administrative appeals from the forfeiture order are pending and that the sureties "have failed to apply for a stay of the agency order and post a supersedeas bond as required pursuant to 75 O.S.1991 § 319." In the instant original proceedings the sureties erroneously characterize each of ODM's suits as an "action for damages." Those suits are not to recover damages but rather to secure a judgment (or an adjudication of liability) on the forfeited bonds.

   We do not address the apparent jurisdictional conflict between the sureties' declaratory judgment actions and ODM's actions for judgment on the forfeited bonds. No application to invoke our original cognizance has been brought for relief in the latter actions. We therefore address only those issues that arise from ODM's petitions for extraordinary relief.

## II.

### ALTHOUGH THE DISTRICT COURT HAS AUTHORITY TO ADJUDICATE THE SURETIES' LIABILITY ON THE BONDS, IT SHOULD NOT PROCEED UNTIL *AFTER* FINAL DETERMINATION OF THE FORFEITURE-RELATED ISSUES HAS BEEN EFFECTED IN THE PENDING ADMINISTRATIVE APPEALS

¶7 ODM argues primarily that the respondent/judges lack jurisdiction because the sureties failed to exhaust administrative remedies. It also contends that the relief sought by the sureties—resolution of the parties' contractual rights—cannot be granted because ODM is not a party to any of the contracts of suretyship. We need not address that argument. It deals with the merits of the declaratory judgment actions, and today's arrest of proceedings in those actions is not based on any absence of power to affect the sureties' civil liability on the bonds, if any. Our concern is to *prevent the declaratory judgment actions from interfering with the pending administrative appeals,* the latter of which deal exclusively with the threshold issue of forfeiture.

¶8 The sureties have responded to ODM's quest for prohibition by contending: (1) Inasmuch as the Attorney General is authorized by statute (45 O.S.1991 § 780(A))[4] to sue an operator and its surety for damages and expenses incurred by ODM, sureties should be accorded equal access to sue ODM in the district court; (2) ODM lacks jurisdiction either to determine the liability of a surety under a performance bond or to declare a bond's forfeiture; (3) "procedural due process requires that ... [a surety's] defenses to liability be adjudicated by the district court—not by ODM, the obligee under the contract[s] of suretyship;" and (4) the two declaratory judgment actions "involve separate and distinct claims, ... *ex contractu* in nature," while the pending administrative appeals do not address themselves to "an adjudication of the contract dispute which has arisen between these parties."

¶9 The terms of § 780(A) do authorize the Attorney General to bring an action on behalf of ODM, but only when the latter incurs damages and expenses or needs injunctive relief because of an operator's default or statutory violation. The surety may be made a party defendant. This statute, though, affords no legal basis for denying a surety *equal access* to the district court for resolution of any other litigable issues in the exercise of that court's· *unlimited* original jurisdiction.[5]

---

4. The terms of 45 O.S.1991 § 780(A) provide:

   A. The Attorney General, upon request of the Department, shall institute proceedings to recover any damages and expense which the Department may have sustained by reason of the default of the operator. *Such proceedings shall be brought against the operator and surety either in Oklahoma county or the county in which the violation occurred.*

   The Department may request the Attorney General to institute a civil action for relief, including a permanent or temporary injunction, restraining order or any other appropriate order in the district court for the district in which the surface coal mining and reclamation operation is located or in which the permitee thereof has his principal office, whenever such permitee or his agent:

   1. Violates or fails or refuses to comply with any order or decision issued by the Department under this act;
   2. Interferes with, hinders or delays the Department in carrying out the provisions of this act;
   3. Refuses to admit authorized representatives of the Department to the mine;
   4. Refuses to permit inspection of the mine by authorized representatives of the Department;
   5. Refuses to furnish any information or report requested by the Department in furtherance of the provisions of this act; or
   6. Refuses to permit access to, and copying of, such records as the Department determines necessary in carrying out the provisions of this act.

   B. The court shall have jurisdiction to provide such relief as may be appropriate. Any relief granted by the court to enforce an order under paragraph 1 of this section shall continue in effect until the completion or final termination of all proceedings for review of such order under this title, unless the district court granting such relief sets it aside or modifies it.

5. See Art. 2 § 6 (equal access to the courts) and Art. 7 § 7 (unlimited original jurisdiction of the district court), Okla. Const.; *Tulsa Tribune Co. v. Okl. Horse Racing Com'n,* 1986 OK 24, 735 P.2d 548, 554–555, where the individual who provided the information sought to be disclosed under the Open Records Act was held—on equal-ac-

¶10 The administrative process of which the sureties availed themselves began with ODM's determinations of bond forfeiture. Those rulings did not involve the Attorney General, and ODM did not seek (and has not sought) to recover damages or to obtain an injunction. ODM's forfeiture declarations *are* contemplated by statute. See the provisions of 45 O.S.1991 § 786(D), which state that, in cases of permit revocation, "the Chief Mine Inspector shall declare as forfeited the performance bonds for the operation." The terms of § 745.6(B) provide that "* * * [t]he amount of the bond for coal mining shall be sufficient to assure the completion of the reclamation plan if the work had to be performed by the Department *in the event of forfeiture....*" (Emphasis added.) ODM is clearly invested with authority to declare a performance bond forfeited.

¶11 In support of their due process argument the sureties urge that ODM "lacks the requisite disinterestedness to adjudicate liability under the Performance Bond for the additional reason that ... [the Sureties'] asserted defenses to liability stem from actions taken (or inactions) by ODM itself which substantially and materially modified the terms of the obligation of the named principal, K & R, under the bond[s]." ODM responds by correctly pointing out that "the fact that an agency participates in the investigation, prosecution and adjudication of matters before it has been held not to violate the due process clause," citing *Wilson v. Oklahoma Horse Racing Com'n,* 1996 OK 3, 910 P.2d 1020, 1023.

¶12 As for the exhaustion doctrine, it is inapplicable here. It governs only where the law requires that administrative process be pursued as a prerequisite for a later court action. Because the sureties' actions tender issues that are not cognizable by ODM, the exhaustion-of-remedies doctrine is not invocable as a bar to their quests for declaratory relief. See *Lone Star Helicopters, Inc. v. State,* 1990 OK 111, 800 P.2d 235, 237–238.[6]

¶13 ODM is vested with the statutory authority to declare the performance bonds forfeited but lacks power to affect the sureties' liability. Suit may be brought in the district court either to recover on the bonds[7] or to secure exoneration of liability. The district court's cognizance *in the sureties' declaratory judgment actions* must stand confined to *post-forfeiture* issues. "Declaratory relief may not be invoked as a substitute for an appeal by one who has been aggrieved by an adverse agency ruling," and issues that lie within an agency's original cognizance may be considered by the district court only when it is entertaining an administrative appeal.[8] *Ricks Exploration v. Okl. Water Resources Bd.,* 1984 OK 73, 695 P.2d 498, 502.

¶14 Because prohibition would deprive the respondent/judges of power to consider issues tendered by the sureties' actions, which are plainly within the district court's constitutional cognizance, we decline to issue the prerogative writs sought. Instead, we direct that, pending final resolution of the forfeiture-related issues, the respondent/judges shall not proceed further in the sureties' declaratory-relief suits.

ORIGINAL COGNIZANCE IS TAKEN OF BOTH PROCEEDINGS BROUGHT BY

---

cess-to-court grounds—to have standing to challenge the agency's determination in the district court, even though the pertinent statute permits only the person requesting the information to bring that kind of action.

6. *Lone Star Helicopters* teaches generally that when a state agency has no authority to resolve a particular dispute, exhaustion of administrative remedies raises no bar to a district court action.

7. See, *e.g., Cumby v. State ex rel. Vinzant,* Okl., 468 P.2d 490 (1970).

8. Agency orders may not be subject to district court review in actions for declaratory relief. The provisions of 12 O.S.1991 § 1657 are:

*[The Uniform Declaratory Judgments Act] ... shall not be applicable to orders, judgments, or decrees made by the State Industrial Court, the Corporation Commission, or any other administrative agency, board or commission of the State of Oklahoma.*
(Emphasis added.)

ODM; WRITS OF PROHIBITION ARE DENIED, BUT THE DECLARATORY JUDGMENT PROCEEDINGS STAND ARRESTED UNTIL THE FORFEITURE–RELATED ISSUES HAVE BEEN FINALLY DECIDED IN THE ADMINISTRATIVE APPEALS.

All Justices concur.