Dear Representative Ervin,
¶ 0 This office has received your request for an official Opinion of the Attorney General in which you asked, in effect:
1. Is a Certificate of Non-Coverage issued by the OklahomaCommissioner of Labor a public record under the Oklahoma OpenRecords Act? If so, does a privilege of confidentiality exist forCertificates of Non-Coverage?
2. Does Department of Labor policy comply with the Open RecordsAct?
3. What information can the Department of Labor require from arequestor who wishes to receive public records from theDepartment?
4. Does the Department of Labor have the authority to requirethe execution of a contract in order to obtain public records ofthe Department?
5. What constitutes, for purposes of the Department, a "SpecialOpen Records Request?"
 I.
¶ 1 Your first question refers to those Certificates of Non-Coverage issued by the Department of Labor pursuant to 40O.S. 415.1 (1998), which provides in part:
 A. Any person who is not required to be covered under a workers' compensation insurance policy or other plan for the payment of workers' compensation may apply to the Commissioner of Labor for a "Certificate of Non-Coverage Under the Workers' Compensation Act." Applications shall be made on forms prescribed by the Commissioner and shall be accompanied by a nonrefundable application fee in an amount to be set by the Commissioner by rule not to exceed Ten Dollars ($10.00).
 B. The Commissioner of Labor shall issue a certificate to any individual who the Commissioner finds, after reasonable inquiry, to be exempt from the definition of employee under Section 3 of Title 85 of the Oklahoma Statutes. Issuance of the certificate by the Commissioner shall establish a rebuttable presumption that the filer is not an employee for purposes of the Workers' Compensation Act.
 C. The Commissioner of Labor shall develop necessary procedures for determining eligibility for the certificates.
 D. Except as otherwise provided in Section 11 of Title 85 of the Oklahoma Statutes, the filing of a certificate shall not affect the rights or coverage of any employee of the individual filing the certificate.
40 O.S. 415.1 (1998).
¶ 2 The Oklahoma Open Records Act, 51 O.S. 24A.1-51 O.S.24A.24 (1991-1998), as amended, establishes a presumption public bodies and officials must provide the public access to all records of the public body or public official unless a record is required to be confidential by law or may be kept confidential under the Act. See 51 O.S. 24A.5 (1998). Section 51 O.S.24A.5 provides further:
 All records of public bodies and public officials shall be open to any person for inspection, copying and/or mechanical reproduction during regular business hours[.]
Id.
¶ 3 The burden of establishing that a record is required to be kept confidential or may be kept confidential is upon the public body or public official. 51 O.S. 24A.2 (1991); Tulsa Tribunev. Oklahoma Horseracing Comm'n., 735 P.2d 548, 555, n. 15 (Okla. 1986).
¶ 4 "Record" is defined as in the Act as:
 [A]ll documents, including, but not limited to, any book, paper, photograph, microfilm, data files created by or used with computer software, computer tape, disk, and record, sound recording, film recording, video record or other material regardless of physical form or characteristic, created by, received by, under the authority of, or coming into the custody, control or possession of public officials, public bodies, or their representative in connection with the transaction of public business, the expenditure of public funds or the administering of public property.
51 O.S. 24A.3 (1998).
¶ 5 The Commissioner is a public official under the definition in Section 51 O.S. 24A.3(4).
¶ 6 A Certificate of Non-Coverage is a record which is presumptively open to the public. A review of 40 O.S. 415.1
(1998), related statutes, and the Act provides no authority under which the Commissioner is required to keep or may keep the Certificate confidential.
 II.
¶ 7 Your second question relates to Department of Labor policy[1] regarding the provision of records to the public. It is prudent to answer your question in two ways. First, it is appropriate to respond to the question in light of concerns under the Administrative Procedures Act. Second, it is appropriate to respond in light of concerns under the Open Records Act. The order of these responses, however, does not reflect the importance of either response.
¶ 8 The Administrative Procedures Act, 75 O.S. 250-75 O.S.323 (1991-1998) (the "APA"), requires all agencies covered by the APA, which includes the Department of Labor, to comply with rulemaking provisions of the APA. See 75 O.S. 250.4 (1998). A "rule" is defined in the APA as "any agency statement or group of related statements of general applicability and future effect that implements, interprets or prescribes law or policy, or describes the procedures or practice requirements of the agency."75 O.S. 250.3 (1998). The APA exempts from promulgation requirements "statements or memoranda concerning only the internal management of an agency and not affecting private rights or procedures available to the public." Id. at 75 O.S.250.3(2)(C). Thus, while a covered agency is not required to promulgate matters of purely internal affairs, any procedures which are available to the public must be promulgated.
¶ 9 The Department of Labor has previously promulgated, in accordance with the APA, a rule regarding the provision of records to the public under the Open Records Act:
 All files, records, minutes, proceedings, rules and regulations, documents, decisions and opinions, written statements of policy, orders, instructions, and written materials of any other nature required by law to be maintained by the Labor Commissioner are available for public inspection in the Office of the Labor Commissioner. Any persons desiring any information concerning the Department of Labor, its policies or procedures, or any pertinent information concerning said organization, or licensee[,] may make submissions or requests to the Labor Commissioner, either in person or by mail, by directing such submissions or requests to the Labor Commissioner, 4001 N. Lincoln Blvd., Oklahoma City, Oklahoma 73105.
OAC 380:1-1-5.
¶ 10 Without more, this rule is sufficient to provide the public with necessary information by which to obtain records of the Department. It is evident, however, on the face of the policy, which is separate from the Department's rules and which has not been promulgated, that it seeks to prescribe certain procedures of the agency available to the public. For example the policy requires a member of the public to enter into a written contract[2] in order to receive copies of records other than as photocopies, requires the public to file written requests to inspect or copy records, and requires the payment of search and copy fees.
¶ 11 The APA requires the Department to promulgate, as rules, those procedures that are available to the public or which implement or interpret statutes. Those provisions of the policy which deal solely with the internal management of the Department and which do not affect private rights or procedures available to the public do not have to be promulgated as rules under the APA.
¶ 12 As to compliance of the policy with the Open Records Act, it is noteworthy that the Act sets forth no specific provisions on the mechanisms that a public body must use in the implementation of the Act. Instead, it is provided simply that all public bodies and public officials must make records open for inspection, copying or mechanical reproduction by the public.See 51 O.S. 24A.5 (1998). A public body is authorized to establish procedures regarding access to public records, but these are limited in scope:
 A public body must provide prompt, reasonable access to its records but may establish reasonable procedures which protect the integrity and organization of its records and to prevent excessive disruptions of its essential functions.
51 O.S. 24A.5(5) (1998).
¶ 13 Although the Department has not currently promulgated the procedures in its policy regarding access to records, the Department could do so in accordance with 51 O.S. 24A.5(5). The standard for such rules is that the rules be necessary to "protect the integrity and organization of its records" or "to prevent excessive disruption of the essential functions of the agency." Id.
¶ 14 In that fees charged in the policy implement and interpret law and affect procedures available to the public, they must be promulgated as rules under the APA in order to be charged by the Department. They must also be in accordance with the Open Records Act. Under the Open Records Act, copy or reproduction fees are limited to the "recovery of the reasonable, direct costs of document copying, or mechanical reproduction." 51 O.S.24.A.5(3) (1998). For paper documents, the Open Records Act provides that a maximum of twenty-five cents per page for documents 8 inches by 14 inches or smaller, or a maximum of $1.00 per page for certified copies. Id. For records in formats other than paper, the public body is limited to the recovery of the "reasonable, direct costs." Id. Ultimately, the propriety of such fees is a question of fact which cannot be answered in an Attorney General Opinion. See 74 O.S. 18b(A)(5) (1998). With respect to microfiche and computer readable (computer tape) formats, the Oklahoma Supreme Court has opined that "reasonable, direct costs" means "the cost of materials and labor needed for providing the computer program and service to produce the requested data." Merrill v. Oklahoma Tax Comm'n., 831 P.2d 634,642 (Okla. 1992); see also A.G. Opinion No. 96-026.
¶ 15 A search fee may be charged if a request is solely for a commercial purpose or would clearly cause excessive disruption of the public body's essential function. See 51 O.S. 24A.5(3) (1998). Nevertheless, publication in a newspaper or in broadcast news for news purposes cannot be considered a commercial purpose.See id. Further, a search fee cannot be charged when release of public records is in the public interest, such as release to the news media, scholars, authors or taxpayers seeking to determine if government affairs are being properly performed. Id. The policy of the Department does not reflect these limitations. In the event the Department promulgates rules to charge fees under the Act, such rules would have to be in compliance with the provisions and limitations of the Open Records Act.
 III.
¶ 16 You have asked in your third question what information the Department of Labor may require a member of the public to provide in order to inspect or copy public records of the Department.
¶ 17 The Open Records Act expresses the strong public policy of this State "that the people are vested with the inherent right to . . . be fully informed about their government." 51 O.S. 24A.2
(1998). The object of the Act is to make all records of public bodies and officials open to the public. Given this, a public body or official, such as the Department of Labor or the Commissioner, must have a clear basis in the Act or its enabling legislation to request information from a requestor in connection with a request for records pursuant to the Act. See 51 O.S.24A.2 and 51 O.S. 24A.5 (1998).
¶ 18 Based upon Section 51 O.S. 24A.2, which sets forth the policy and purpose of the Act, and Section 51 O.S. 24A.5, which specifically requires public bodies and public officials to make records available for inspection, copying and mechanical reproduction (and which allows procedures to be promulgated only to protect the integrity and organization of the records or to prevent excessive disruption of the essential functions of the agency), a public body could require a request for access to records to be put into writing. This would help the public body ensure the request is responded to fully and competently. See51 O.S. 24A.5 (1998). Similarly, also under Section 24A.5, a public body or public official may properly inquire from the requestor of public records information that would allow the public body or public official to determine whether the information sought is for a commercial purpose or whether no charges can be imposed for a record search. See id. at 51 O.S.24A.5(3).
¶ 19 Beyond these two examples, it is difficult to find additional bases for either the Department of Labor or the Commissioner to require additional information from requestors. In no event could a public body or public official ever require a requestor to provide the reason for a request for access to records besides that discussed above concerning the authority of the public body or public official to charge a search fee if the request for records is for a commercial purpose.
¶ 20 Of course, in a particular situation, if the requestor asked that records be delivered via the mail, it would be reasonable to request a name and mailing address.[3]
 IV.
¶ 21 You asked in your fourth question whether the Department of Labor can require a member of the public to execute a written contract in order to obtain records of the Department. As with your second question, it is evident that the Department has not promulgated any rules to this effect. Thus, the Department does not have authority to require the execution of a written contract in order to obtain public records of the Department.
¶ 22 Further, again using the review used to respond to your second and third questions, in order to require the execution of a written contract it would be incumbent upon the Department to demonstrate that pursuant to a specific provision of the Open Record Act such a requirement is reasonable to allow the Department to carry out its duty under the Open Records Act to provide public records. Such a rule must be in the letter and spirit of the Open Records Act.
¶ 23 The policy of the Department provides that a written contract is required when the request for public records is for other than standard photocopies. However, the Open Records Act does not distinguish between the form of public records. See51 O.S. 24A.3 (1998). A public body must provide records in whatever form they exist. If a public body does not keep a record in a certain form, the public body does not have to convert records to a certain form merely because a request to inspect or copy records refers to a specific form. See 51 O.S. 24A.18
(1991). The Department has no authority to place a burden on a request for a public record merely because the record is not easily photocopied. A requirement for a written contract, then, pursuant to the policy, would be inappropriate even if promulgated.
 V.
¶ 24 You asked in your last question what would constitute a "special" open records request. There is no provision in the Open Records Act which recognizes a "special" request. The Department has promulgated no rule to define such a request. Based on the information provided, it must be concluded that a special request is merely a term of art coined by the Department to refer to its perspective regarding specific requests for public records. Provided that the Open Records Act is fully complied with and the term is used by the Department for its internal affairs, it is not problematic. The term cannot, however, be used to create a class of requests not contemplated by the Open Records Act.
¶ 25 It is, therefore, the official opinion of the AttorneyGeneral that:
1. A Certificate of Non-Coverage issued pursuant to 40 O.S.415.1 (1998), by the Oklahoma Department of Labor is a publicrecord under the Oklahoma Open Records Act. See 51 O.S. 24A.5(1998). No privilege of confidentiality exists for Certificatesof Non-Coverage.
2. Department of Labor's policy with regard to the requirementsthat a member of the public enter into a written contract withthe Department to obtain public records, that a member of thepublic make a request for records in writing, and for theimposition of copy and search fees does not comply with theAdministrative Procedures Act. Although the Open Records Actpermits certain rules to be promulgated regarding access torecords, such rules must be consistent with the letter and spiritof the Open Records Act.
3. The Department of Labor may require from a requestor onlyreasonable information designed to allow the Department to complywith Open Records Act. See 51 O.S. 24A.2 and 51 O.S. 24A.5(1998).
4. The Department of Labor does not have the authority torequire the execution of a contract in order to obtain publicrecords of the Department merely because such records are not inpaper form.
5. A "Special Open Records Request" is not contemplated by theOpen Records Act and cannot be used to create distinctions in thepublic's ability to inspect or copy public records.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL
[1] The policy of the Department of Labor provides, in pertinent part:
 B. Fees will normally be charged for the recovery of the reasonable, direct costs of document copying and/or mechanical reproduction and a reasonable fee to recover the direct cost of document search.
 C. The requestor will submit a written request for inspection or copying information to the Division Director who has authority or responsibility for the information.
. . . .
 F. Requests for information/records to be provided on a special basis must be approved by the Commissioner by the execution of a written contractual agreement. This would include requests for information in formats other than standard photocopies.
Department of Labor Policy Procedure Instruction #18, Open Records Policy.
[2] The ability for the agency under the Open Records Act to require a written contract as described in the policy will be discussed below.
[3] It may also be reasonable to request the name and telephone number of a requestor in the instance where it will take the public body or public official until at least the next day to respond to a request. This would allow the public body or official to contact the requestor if a problem developed or, for example, if the requestor had asked for an estimate as to the fee once the public body or official determined such fees.
It is useful to note the utility of requesting fees in advance in that public bodies and public officials must receive payment in advance. The Oklahoma Constitution prohibits making a gift of such copying. Okla. Const. Art. X, § 15.