OSCN Found Document:ROSS v. CITY OF OWASSO

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 ROSS v. CITY OF OWASSO
2017 OK CIV APP 4
Case Number: 115210
Decided: 12/12/2016
Mandate Issued: 01/12/2017
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2017 OK CIV APP 4, __ P.3d __

 

PATRICK D. ROSS, an individual, Plaintiff/Appellant,
v.
THE CITY OF OWASSO, a municipal corporation, Defendant/Appellee,
and
JERI MOBERLY, an individual, and SEAN REISS, an individual, Defendants.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE MARY FITZGERALD, TRIAL JUDGE

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

Christopher L. Camp, CAMP LAW FIRM, Tulsa, Oklahoma, and Donald J. Slaughter, Tulsa, Oklahoma, for Plaintiff/Appellant
David L. Weatherford, BIRMINGHAM, MORLEY, WEATHERFORD & PRIORE, P.A., Tulsa, Oklahoma, for Defendant/Appellee

P. THOMAS THORNBRUGH, PRESIDING JUDGE:

¶1 Patrick D. Ross appeals a decision of the district court finding that the City of Owasso properly refused disclosure of a record known as the "Fortney Report" pursuant to the Open Records Act. On review, we affirm that the Fortney Report is a "personnel record" which may be subject to discretionary release pursuant to the provisions of 51 O.S. Supp. 2014, § 24A.7(A). We find, however, that the Owasso City Council has never exercised its discretion to decide the status of the report pursuant to § 24A.7(A). We therefore vacate in part the summary judgment and remand this matter for a decision by the City Council.

BACKGROUND

¶2 The matter initially arose from alleged misconduct by the Owasso City Manager. The City commissioned a private attorney, Guy Fortney, to investigate these allegations. Fortney produced a report (Report or Fortney Report) allegedly identifying criminal actions and violations of City policy by the City Manager. After approximately three meetings of the Owasso City Council, the Council approved a settlement with the City Manager under which the City Manager would resign, and be provided with substantial severance pay. Plaintiff Ross, a City Council member, objected strongly to this settlement and use of public funds on the grounds that the City Manager's contract explicitly required the forfeiture of any right to severance pay if the City Manager's employment was severed for cause. Ross made a request for release of the Report through the Open Records Act. The request was apparently denied by an assistant city clerk, on the grounds that the Report was confidential.

¶3 In August 2013, Ross sued the City, alleging violations of the Open Meetings Act and a violation of the Open Records Act. The City countersued, alleging that Ross, as a City Councilor, had breached confidentiality requirements and attorney-client privilege by filing his petition. In October 2015, the parties jointly dismissed all claims with prejudice, excepting only the issue of the City's refusal to disclose the Report pursuant to the Open Records Act. In June 2016, the district court granted summary judgment to the City, finding that the Report was "not subject to disclosure." Ross now appeals.

STANDARD OF REVIEW

¶4 "Summary judgment will be affirmed only if the appellate court determines that there is no dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." City of Jenks v. Stone, 2014 OK 11, ¶ 6, 321 P.3d 179. "Summary judgment will be reversed if the appellate court determines that reasonable men might reach different conclusions from the undisputed material facts." Id. Summary judgment, and all questions of law encompassed therein, is reviewed pursuant to a de novo standard. Wood v. Mercedes-Benz of Okla. City, 2014 OK 68, ¶ 4, 336 P.3d 457. "Although a trial court in making a decision on whether summary judgment is appropriate considers factual matters, the ultimate decision turns on purely legal determinations, i.e. whether one party is entitled to judgment as a matter of law because there are no material disputed factual questions." Carmichael v. Beller, 1996 OK 48, ¶ 2, 914 P.2d 1051 (citation omitted).

ANALYSIS

¶5 The issue before us at this time is whether the Fortney Report should have been released to Ross pursuant to his Open Records Act request. This question involves two subparts: 1) Is the Report a "personnel record" that relates to "internal personnel investigations including examination and selection material for employment, hiring, appointment, promotion, demotion, discipline, or resignation," which the public body has discretion to keep confidential? and 2) If so, did the City abuse its discretion in deciding to keep the Report confidential? We find that the Report qualifies as a personnel record that the City may keep confidential. We cannot, as this time, decide the second question because the record shows that no official decision to release or withhold the Report has been made.

I. THE REPORT IS A PERSONNEL RECORD PURSUANT TO
51 O.S. § 24A.7(A)

¶6 The relevant section of the Oklahoma Open Records Act (the Act or ORA), 51 O.S. Supp. 2014 § 24A.7(A), states that a public body may keep personnel records confidential:

1. Which relate to internal personnel investigations including examination and selection material for employment, hiring, appointment, promotion, demotion, discipline, or resignation; or

2. Where disclosure would constitute a clearly unwarranted invasion of personal privacy such as employee evaluations, payroll deductions, employment applications submitted by persons not hired by the public body, and transcripts from institutions of higher education maintained in the personnel files of certified public school employees . . . .

Section 24A.7(B) further states that "All personnel records not specifically falling within the exceptions provided in subsection A of this section shall be available for public inspection and copying."

¶7 Ross's allegations of error run for five pages, but may be condensed to the following relevant arguments:

1. The Report is not subject to the "personnel record" exemption that allows it to be withheld because it was made in response to a complaint to the Chief of Police for the purpose of determining if the City Manager had committed a criminal act or violated City policy;

2. The Report is not maintained in the City Manager's personnel file, and hence is not a personnel record for the purposes of the Act, and the City must release it;

3. The "public body" (the City) may not decide to keep a personnel record confidential without a vote of the City Council to do so, and either (a) the City Council has not voted to keep the Report confidential, or (b) any City Council vote to keep the Report confidential was taken in violation of the Open Meetings Act, and such vote is void;

4. Information concerning alleged illegal activity is not confidential pursuant to the Act, and the public has a "right to know" the contents of the Report;

5. Disclosure of criminal activity would not result in a "clearly unwarranted invasion of personal privacy," and hence 51 O.S. Supp. 2014 § 24A.7(A)(2) cannot apply;

6. The requirements of the Act cannot be overruled by any confidentiality agreement between the City and the City Manager; and

7. The City is not entitled to any defense that the Report was "not in its possession."

We will first address the arguments that the Report is not subject to the discretionary disclosure provisions of § 24A.7(A) at all.

A. The Requirements of the Act Cannot Be Overruled by Any Confidentiality
Agreement Between the City and the City Manager

¶8 We reject the argument that any "non-disclosure" or "non- disparagement" agreement between the City and the City Manager controls what must be released pursuant to an ORA request. The purpose of the Act to "advance the public's interest in assuring that the government is properly performing its function"[1] would be undermined if public bodies could withhold material otherwise subject to disclosure based on a contractual agreement between the public body and an individual. To be sure, many individuals and public bodies would prefer their dealings to be kept secret, even though the Act may require them to be disclosed. To allow public bodies to "contract around" the Act would eviscerate the legislative intent. We find that the City cannot refuse to release the Report on the grounds of any "non-disparagement" or confidentiality agreement.

B. City is Not Entitled to a Defense That the Report is "Not in Its Possession."

¶9 We further agree that a public body may not circumvent the Act by placing material otherwise subject to disclosure solely in the custody of a non-public body or person. To allow such practices to circumvent the Act would also eviscerate the legislative intent. As an example, a public body could subcontract public duties to a private contractor, then argue that any documents produced are not subject to the ORA, or that the contract gave the public body "no access" to records. All such acts would be transparently designed to take public bodies and their public functions outside of the reach of the ORA and public oversight, and to conceal information that the Legislature has ordered to be disclosed. Given this clear requirement of the ORA, we find that the Report remains a potential "personnel record" even if it is not physically in the City Manager's "personnel file." Ross's contention that the Report must be released because it is not physically present in a City personnel file is therefore without merit.[2]

C. Is the Report a "Personnel Record?"

¶10 Ross argues that the Report is not a "personnel record" because it allegedly determined that the City Manager has committed a criminal act or violated a City policy. We find no precedent that a report concerning individual employee misconduct ceases to become a personnel record because the misconduct may have been criminal or may have violated a city policy. If the Legislature had intended such a specific exception to § 24A.7(A), we believe it would have placed it there. We find that the Report is a personnel record for the purpose of the Act, and is subject to discretionary disclosure pursuant to § 24A.7(A). This finding does not end our inquiry, however. We must now determine if the City abused the discretion granted by § 24A.7(A).

II. THE DECISION WHETHER TO KEEP THE RECORD CONFIDENTIAL

A. The Record on Appeal Establishes as Undisputed That the City Council Has
Never Held a Vote on Releasing the Report Pursuant to Ross's ORA Request

¶11 As noted in Section I of this opinion, we find that the Report is a "personnel record" relating to "internal personnel investigations including examination and selection material for employment, hiring, appointment, promotion, demotion, discipline, or resignation." Section 24A.7 does not declare that such records are inherently confidential. It grants a public body discretion to keep such records confidential. Section 24A.7 does not define or command who, or what office, holds the proper authority within a "public body" to exercise the discretion to withhold a record, but clearly leaves the decision as to who speaks for the public body to the discretion of the public body itself. In response to a request to admit or deny, however, the City agreed that the power to withhold the Report pursuant to § 24A.7 belonged to the City Council.

¶12 Taking it as undisputed that the City Council is the body with the authority to declare personnel records confidential, the question before us is now whether the Council has ever exercised that authority? The City stated in its motion for summary judgment that "the City" had decided not to release the Report. Ross states as undisputed fact in his response to the City's motion for summary judgment that City Mayor Bonebrake made the decision to withhold unilaterally, without the approval of the City Council, before any ORA request was received. This allegation of undisputed fact is supported by an affidavit, and we find no record that the City responded to this allegation, or brought any evidence that the Council had actually voted on the disclosure of the Report. We therefore find that, for the purposes of summary judgment inquiry, it was established as undisputed that the Council had not actually voted on disclosure of the Report.

¶13 The record further shows, as undisputed, that the City Council understood or accepted representations that the Report was confidential as a matter of law and hence did not believe it had any discretion to exercise, or anything to vote upon, in this matter. The record substantiates and further establishes as undisputed fact that the City Council has never voted on whether to release the Report.[3] The question of law now becomes one of what affect we should give to this undisputed fact.

B. Failure to Make a Decision Pursuant to § 24A.7 Does Not Result In
Automatic Release of a Record

¶14 Ross argues that, if a public body fails to declare material confidential in response to an ORA request, it is considered non-confidential by default, and this Court must order it released. We find, however, no statutory or case law support for this position. The structure of § 24A.7 clearly requires that the public body must make an affirmative decision to release or withhold records that may be declared confidential pursuant to the statute. If the decision to release or not release is found to be invalid other than on the merits, the result is that no decision has yet been made, and the requested material is not automatically released. Since the City Council has not yet exercised its discretion to decide the ORA status of the Fortney Report, there is currently no decision on the release of the Report for this Court to examine for abuse of discretion.

C. The Argument that Disclosure of Criminal Activity In this Case Would Result
In a "Clearly Unwarranted Invasion of Personal Privacy"
Pursuant to § 24A.7(A)(2)

¶15 Ross's remaining argument is that the City cannot rely on the "personal privacy" provisions of § 24A.7(A)(2) as prohibiting release of the Report. As no official decision has yet been made to release or withhold the Report, we have no decision by the City Council on this issue, and we have no jurisdiction to comment upon it at this time.

CONCLUSION

¶16 We are faced with two questions. The first is whether the Report is a personnel record that the City has discretion to release or withhold under 51 O.S. Supp. 2014, § 24A.7(A).

1. We reject the argument that release of the Report is prohibited because of a non-disparagement agreement or settlement between the City and the City Manager.

2. We also reject the argument that the Report is not subject to the ORA because the Report is not held in City files, or was produced by a private contractor.

3. We also reject the argument that the Report ceases to be a "personnel record" unless it is held in a City "personnel file."

4. We finally reject the argument that release of the Report is mandatory if the Report may detail criminal activity.

¶17 We find that release of the Report is neither mandatory nor prohibited under the facts presented. We thus conclude that the Report is a "personnel record" that a public body has discretion to keep confidential pursuant to § 24A.7(A).

¶18 The second question is whether the City Council abused the discretion granted in § 24A.7(A) by refusing to release the Report. This question would normally be reviewed pursuant to an abuse of discretion standard.[4] We cannot answer this question, however, because it is undisputed that a decision first must be made by the City Council, and the City Council has not made a decision whether the report should be declared confidential or released. As such, we remand this matter to allow the City Council to properly respond to Ross's ORA request, at which point any decision to withhold or release the Report will be ripe for examination by the courts.

¶19 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

RAPP, J., and BARNES, J., concur.

FOOTNOTES

[1] See Okla. Pub. Employees Ass'n v. State ex rel. Okla. Office of Pers. Mgmt., 2011 OK 68, ¶ 35, 267 P.3d 838.

[2] The argument that the Legislature intended § 24A.7(A) to cover only paper records physically placed in a specific file is also impractical, given that modern document storage practice may involve digital storage in a variety of distributed and virtual locations.

[3] We are further doubtful that the decision to release or withhold a record can properly be made before an ORA request is received, as the circumstances and various factors that must be considered may change substantially between the time a document is created, and the time it is requested. Title 51 O.S. Supp. 2014, § 24A.7 requires a public body to assess a number of facts when deciding to release a personnel record that appear to be based on the situation at the time the request is made.

[4] See Int'l Union of Police Associations v. City of Lawton, 2009 OK CIV APP 85, ¶ 7, 227 P.3d 164 (decision of district court whether release was required pursuant to the ORA is subject to the discretionary standard of review).






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2009 OK CIV APP 85, 227 P.3d 164, INTNL. UNION OF POLICE ASSOCIATIONS v. CITY OF LAWTON
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1996 OK 48, 914 P.2d 1051, 67 OBJ 1173, Carmichael v. Beller
Discussed
 2011 OK 68, 267 P.3d 838, OKLA. PUBLIC EMPLOYEES ASSOC. v. STATE ex rel. OKLA. OFFICE OF PERSONNEL MANAGEMENT
Discussed
 2014 OK 11, 321 P.3d 179, CITY OF JENKS v. STONE
Discussed
 2014 OK 68, 336 P.3d 457, WOOD v. MERCEDES-BENZ OF OKLAHOMA CITY
Discussed
Title 51. Officers
 Cite
Name
Level

 51 O.S. 24A.7, Confidential Personnel Records of Public Body
Discussed at Length